UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-62387-CV
Bloom/Valle

ROBERT F. SCHWIMMER,

                Plaintiff,

v.

24 HOUR FITNESS USA, INC.,
INTEGRITY SOLUTION SERVICES, INC., and
LIVEVOX, INC.,

                Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant LiveVox, Inc. ("LiveVox"), by and through the undersigned counsel, as and for its Answer and Affirmative Defenses to the Plaintiff's Second Amended Complaint (the "SAC") hereby states as follows:

1. LiveVox admits that Plaintiff purports to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, but otherwise denies the allegations in Paragraph 1.

2. LiveVox admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, lacks sufficient knowledge and information to admit or deny the allegations regarding where Plaintiff resides, and otherwise denies the allegations in Paragraph 2.

3. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 3.

Case 0:14-cv-62387-BB   Document 40   Entered on FLSD Docket 02/20/2015   Page 2 of 11

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

4. LiveVox admits upon information and belief that defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") has its headquarters in San Ramon, California, but otherwise lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4.

5. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 5.

6. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 6.

7. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 7.

8. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 8.

9. The allegations of Paragraph 9 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9.

10. The allegations of Paragraph 10 are admitted, except LiveVox denies that LiveVox is a "citizen" of the State of Delaware.

11. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11.

12. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12.

13. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 13.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

14. In response to the allegations of Paragraph 14, LiveVox admits that Plaintiff's counsel provided a phone number ending in 3779 in materials sent by email on Sunday, February 8, 2015 and that Plaintiff's counsel represented that the phone number was Plaintiff's cellular telephone number.

15. In response to the allegations of Paragraph 15, LiveVox admits that the SAC refers to the phone number ending in 3779 as "3779".

16. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 16.

17. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 17.

18. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 18.

19. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 19.

20. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 20.

21. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 21, except admits that LiveVox provided certain hosted dialing services to defendant Integrity Solution Services, Inc. ("Integrity") in the past and expressly denies that Integrity hired LiveVox to place telephone calls.

22. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 22, except admits that LiveVox provided certain hosted dialing services to defendant Integrity in the past.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

23. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 23.

24. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 24.

25. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 25.

26. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 26.

27. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 27.

28. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 28.

29. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 29.

30. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 30.

31. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 31.

32. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 32.

33. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 33.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

34. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 34.

35. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 35.

36. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 36.

37. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 37.

38. In response to the allegations of Paragraph 38, LiveVox admits that its website (www.livevox.com) includes the text "LiveVox is able to record 100% of all outbound and inbound calls" and respectfully refers the Court to LiveVox's website for its true and complete content.

39. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 39.

40. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 40.

41. The allegations of Paragraph 41 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox respectfully refers the Court to the Order on the Parties' Motions for Judgment as a Matter of Law, *Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV-Ungaro (S.D. Fla. May 27, 2010) for its true and complete content.

42. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 42.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

43. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 43.

44. The allegations of Paragraph 44 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 44.

45. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 45.

46. LiveVox denies the allegations in Paragraph 46.

47. LiveVox denies the allegations in Paragraph 47.

48. LiveVox denies the allegations in Paragraph 48.

49. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 49.

50. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 50.

51. In response to the allegations of Paragraph 51, LiveVox admits that it has been named a defendant in certain lawsuits alleging violations of the TCPA and affirmatively states that those lawsuits were frivolous and should never have been filed.

52. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 52.

53. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 53.

Case 0:14-cv-62387-BB   Document 40   Entered on FLSD Docket 02/20/2015   Page 7 of 11

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

54. LiveVox denies the allegations in Paragraph 54 to the extent they refer to LiveVox and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 54 to the extent they refer to any other entity.

55. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 55.

56. The allegations of Paragraph 56 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 56.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST LIVEVOX

57. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the SAC as if fully set forth herein.

58. The allegations of Paragraph 58 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 58, except denies that LiveVox placed any telephone calls to Plaintiff.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST INTEGRITY

59. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the SAC as if fully set forth herein.

60. The allegations of Paragraph 60 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

knowledge to admit or deny the allegations in Paragraph 60, except denies that LiveVox placed any telephone calls to Plaintiff.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST 24 HOUR FITNESS

61. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the SAC as if fully set forth herein.

62. The allegations of Paragraph 62 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 62, except denies that LiveVox placed any telephone calls to Plaintiff.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE AGAINST INTEGRITY IN VIOLATION OF THE FDCPA

63. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the SAC as if fully set forth herein.

64. The allegations of Paragraph 64 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 64.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

## COUNT V
## FAILING TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY AGAINST INTEGRITY IN VIOLATION OF THE FDCPA

65. LiveVox incorporates by reference its responses to the foregoing Paragraphs of the SAC as if fully set forth herein.

66. The allegations of Paragraph 66 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 66.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

All allegations of the SAC not expressly admitted to herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The SAC fails to state a cause of action against LiveVox.

### SECOND DEFENSE

Plaintiff has not sustained any damages and is not entitled to recover any damages.

### THIRD DEFENSE

To the extent Plaintiff can prove that he sustained any actual or other damages, those damages were not caused by LiveVox. LiveVox expressly reserves its claims for contribution and indemnification.

### RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

LiveVox reserves the right to raise additional affirmative defenses as warranted by discovery in this action.

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

   **WHEREFORE**, LiveVox respectfully requests that the Court enter judgment in favor of LiveVox, and dismiss the SAC with prejudice, with costs and disbursements to LiveVox, together with any other relief the Court finds to be just and proper.

Dated:  February 20, 2015       **AKERMAN LLP**

                      One Southeast Third Ave., 25th Floor
                      Miami, Florida 33131-1714
                      Telephone: (305) 374-5600
                      Fax: (305) 374-5095
                      lawrence.silverman@akerman.com
                      Secondary email:
                      wendy.gonzalez@akerman.com

                      By*:   /s/ Lawrence D. Silverman*
                      Lawrence D. Silverman (FBN 7160)

                      *-Of Counsel-*

                      Nathaniel P.T. Read, Esq.
                      nread@cohengresser.com
                      COHEN & GRESSER LLP
                      800 Third Avenue, 21st Floor
                      New York, New York  10022
                      Telephone:  (212) 757-7600

                      *Attorneys for Defendant LiveVox, Inc.*

Schwimmer v. 24 Hour Fitness USA, Inc., et al.
Case No: 14-62387-CV
*LiveVox's Answer and Affirmative Defenses to Second Amended Complaint*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on this 20th day of February, 2015. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of U.S. Mail and/or Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

**Donald A. Yarbrough**
2000 E Oakland Park Boulevard
Suite 105
PO Box 11842
Fort Lauderdale, FL 33339
954-537-2000
Fax: 566-2235
Email: don@donyarbrough.com

*Counsel for Plaintiff, Robert F. Schwimmer*

INTEGRITY SOLUTION SERVICES, INC
Lexis Document Services, Inc.
1201 HAYS STREET
TALLAHASSEE, FL 32301 (*pro se*)

**Dayle Marie Van Hoose**
Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Drive
Suite 195
Tampa, FL 33618
813-890-2463
Fax: 866-466-3140
Email: dvanhoose@sessions-law.biz

*Counsel for 24 HOUR FITNESS USA, INC.,*

　　　　　　　　　　　　　　　　_/s/ Lawrence D. Silverman_____
　　　　　　　　　　　　　　　　*Lawrence D. Silverman*