UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62387-BLOOM/VALLE

ROBERT F. SCHWIMMER,

    Plaintiff,

v.

24 HOUR FITNESS USA, INC.,
INTEGRITY SOLUTIONS SERVICES, INC.,
and LIVEVOX, INC.

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF 24 HOUR FITNESS INSURANCE SIGNATOR

THIS MATTER is before the Court on Plaintiff Robert Schwimmer's Motion to Compel Depositions of Defendant 24 Hour Fitness's Insurance Signators ("Motion") (ECF No. 47). The Court has reviewed Plaintiff's Motion and Defendant's Response (ECF No. 48), and is otherwise duly advised in the premises. Accordingly, for the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I.  BACKGROUND

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C § 227 *et. seq.*, by purportedly autodialing his cellphone on numerous occassions without his prior express consent. *See* 2d Am. Compl. (ECF No. 37 at 11). Defendant, for its part, claims that the calls were made by its co-defendant, Integrity Solutions Services, Inc. ("Integrity"). (ECF No. 48 at 1). According to Defendant, Integrity has thus agreed to indemnify Defendant in this suit. *Id.*

On December 31, 2014, Defendant served its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). (ECF No. 47-1). Consistent with Rule 26(a)(1)(A)(iv)—which requires a

1

party to disclose "any insurance under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment"—Defendant disclosed that it was "not currently aware of any insurance policy that affords coverage for the conduct alleged in this lawsuit." (ECF No. 47-1 at 3). Defendant explains that it did not identify any insurance policies at that time because, "due to the indemnification [agreement with Integrity], the applicable policy is Integrity's."[1] (ECF No. 48 at 2).

Plaintiff then sought to verify Defendant's disclosure through deposition. Specifically, Plaintiff asked to depose "the signator of any insurance policy covering [Defendant] which was executed within the last 3 years." (ECF No. 47 at 1). Defendant, however, resisted Plaintiff's deposition request because it "is a very large company with many policies completely irrelevant to plaintiff's claim." (ECF No. 48 at 2). As a compromise, Defendant offered to produce a corporate representative to testify about all the insurance policies potentially available to Defendant in this case. *Id.* at 2-3. Defendant further offered to revisit the issue of deposing its individual insurance signators if Plaintiff was unsatisfied with the corporate representative deposition. *Id.* at 3. Moreover, Defendant has since supplemented its initial disclosures and identified and produced a copy of the policy "that would have been applicable, but for the indemnity claim." *Id.* at 3. Despite these developments, the parties did not reach an agreement.

Accordingly, on April 17, 2015, Plaintiff filed his Motion to compel the deposition of Defendant's insurance signators. (ECF No. 47). The Motion is now ripe for disposition.

II.     **DISCUSSION**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevant matter is

---

[1] As an aside, on February 12, 2015, co-defendant Integrity served Plaintiff with its initial disclosures, identifying its insurance policy and later providing a copy of the policy to Plaintiff. (ECF No. 48 at 2).

broadly defined as information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although the Rules "strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), discovery "is not without limits," *Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 669 (S.D. Fla. 2013) (citing *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1570 (11th Cir.1992)). Under Rule 26(b)(2)(C)(i), for instance, the court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

In this case, Plaintiff seeks to depose every person who signed an insurance policy on behalf of Defendant over the past three years to determine the scope of insurance applicable to Plaintiff's claims. (ECF No. 47 at 1). Plaintiff argues that he is entitled to this information because he has not agreed to limit his recovery to exclude Defendant's insurers, nor is he bound by any indemnity agreement between Defendant and Integrity. *Id.* at 2. According to Plaintiff, obtaining Defendant's insurance information is vital to ensuring the collectability of any potential judgment. *Id.* at 2-3.

In response, Defendant argues—and the Court agrees—that the information Plaintiff seeks is "overbroad and would lead to duplicative, unnecessary depositions and discovery." (ECF No. 48 at 4). Defendant has already supplemented its initial disclosures and produced a copy of the insurance policy "that would have been applicable, but for the indemnity claim." *Id.* at 3. Since this information is essentially what Plaintiff seeks to acquire in deposing the signators of Defendant's insurance policies, granting Plaintiff's Motion would be an unreasonably duplicative and unnecessary exercise. Furthermore, to the extent Plaintiff wants to verify that Defendant has no other insurance applicable to Plaintiff's claims, Plaintiff may do so through a far more convenient, less burdensome, and less expensive source—that is, Plaintiff may depose a corporate

representative of Defendant to testify about whether any other insurance may apply to Plaintiff's claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Depositions of 24 Hour Fitness Insurance Signators (ECF No. 47) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on June 2, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record